IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JANA K. WITHERSPOON                                                              PLAINTIFF

vs.                                    Civil No. 4:20-cv-04013

ANDREW SAUL,                                                                     DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Plaintiff, Jana K. Witherspoon, brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background**:

Plaintiff protectively filed her application for SSI on January 24, 2017.  (Tr. 12)[1].  In her application, Plaintiff alleged being disabled due to lumbar spine issues, microangiopathic changes in cerebral hemispheres, cerebral atrophy, prominent CSF fluid collection in the posterior cranial, arachnoid cyst in posterior cranial fossa, and bowel and urinary incontinence.  (Tr. 259). Plaintiff alleged an onset date of January 11, 2017, which was later amended to January 1, 2018.

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10, These references are to the page number of the transcript itself not the ECF page number.

(Tr. 12). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 58-101).

Following this, Plaintiff requested an administrative hearing and the administrative hearing was held on February 5, 2019. (Tr. 30-57). At this hearing, Plaintiff was present and represented by counsel, Greg Giles. *Id*. Plaintiff and Vocational Expert ("VE"), Lenora Maatouk testified at the hearing. *Id*.

Following the administrative hearing, on April 24, 2019, the ALJ entered an unfavorable decision. (Tr. 12-23). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 14, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since January 11, 2018. (Tr. 14, Finding 2). Plaintiff testified she was working 16 hours a week as a CNA earning $12.50 per hour, however it was determined to not be SGA. *Id*. The ALJ determined Plaintiff had the severe impairments of degenerative disc disease, carpal tunnel syndrome, history depression, history of anxiety, and borderline intellectual functioning. (Tr. 14, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 15, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 17-22). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. The ALJ also determined Plaintiff retained the RFC to perform light work with only occasional climbing, balancing, kneeling, crouching, and crawling; and restricted to tasks where interpersonal contact was routine but superficial. (Tr. 17, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her past relevant work.  (Tr. 22, Finding 6).  However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform.  (Tr. 22, Finding 10).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) price marker with approximately 309,234 jobs in the nation, (2) cashier II with approximately 863,495 jobs in the nation, and (3) hotel housekeeper with approximately 134,094 jobs in the nation.  *Id*.  Based upon this finding, the ALJ determined Plaintiff was not disabled from January 11, 2018 through the date of the decision.  (Tr. 23, Finding 11).

On January 23, 2020, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 15, 17.  This case is now ready for decision.

**2.    Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

3

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred (1) in failing to properly determine Plaintiff's RFC, (2) in failing to give proper weight to the opinions of Plaintiff's physicians, and (3) the Appeals Council erred in failing to allow and consider additional evidence. ECF No. 15, Pgs. 3-17.   In response, Defendant argues the ALJ did not err in any of her findings. ECF No. 17.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).   Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.   The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).   As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of October 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE